UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GAYLON WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00697-TWP-DML |
| ) | |
| CENTURION HEALTH OF INDIANA, LLC, ) | |
| R. RANSOM, and NOWAK, Dr., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed by Defendant Dr. Nowak. (Dkt. 20). *Pro se* Plaintiff Gaylon Washington ("Mr. Washington"), an Indiana Department of Correction inmate housed at the Correctional Industrial Facility ("CIF"), filed this action pursuant to 42 U.S.C. § 1983, alleging that the Defendants were deliberately indifferent and negligent because Mr. Washington has not received timely care for an infected tooth. Dr. Nowak, the dentist at CIF, seeks dismissal of the claims against him, arguing that Mr. Washington failed to allege that he was personally involved in the delay or aware that he had an infected tooth. For the following reasons, Dr. Nowak's Motion is **denied**.

I.     **LEGAL STANDARD**

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018). "Determining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the . . . court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. To state a claim, "the complaint need contain only factual allegations that give the defendant fair notice of the claim for relief and show the claim has 'substantive plausibility.'" *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014)). Additionally, *pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. DISCUSSION

In his Complaint, Mr. Washington alleged that he was suffering from an infected tooth. (Dkt. 1 at 3.) He requested to see the dentist on March 3, 2022, and after receiving no response, submitted a second request on March 7, 2022. *Id*. On March 10, 2022, he filed a grievance about not being seen, and the grievance department told him to submit another request. *Id.* Mr. Washington was scheduled to be seen by the dentist on March 15, 2022, but the appointment "was canceled later on this same day." *Id*. He submitted another request form on March 17, 2022, and another request form eight days later. *Id*. As of the filing of his Complaint on April 8, 2022, he had not seen the dentist.

With respect to Dr. Nowak, Mr. Washington alleged that Dr. Nowak was the dentist at CIF and was responsible for exercising reasonable care to preserve the health of inmates at CIF, including for Mr. Washington's "serious tooth condition." *Id.* at 6. He further alleged that Dr. Nowak was deliberately indifferent for failing to implement or maintain adequate procedures for making dental appointments to treat a serious tooth infection. *Id.*

Dr. Nowak argues that Mr. Washington failed to plead that (1) Dr. Nowak personally directed the cancellation of his March 15, 2022, dental appointment, (2) that he personally ordered delay of Mr. Washington's care, or (3) that he had personal knowledge that Mr. Washington was suffering from an objectively serious dental issue. (Dkt. 21 at 4.) As a result, Dr. Nowak argues, Mr. Washington failed to plead sufficient personal involvement to make Dr. Nowak liable under 42 U.S.C. § 1983. *Id*.

In response to the Motion to Dismiss, Mr. Washington provided additional and more specific factual allegations concerning Dr. Nowak's involvement. (Dkt. 29.) However, "[a] plaintiff may not amend his complaint in his response brief[ ]" to supply the facts needed to overcome a motion to dismiss. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). But Mr. Washington did not need to provide these additional facts, because his Complaint contained sufficient facts to put Dr. Nowak on notice of the nature of his claims.

To state a claim that a medical provider at a prison is being deliberately indifferent, the plaintiff must allege that (1) he is suffering from a serious medical condition to which (2) the provider "was deliberately, that is subjectively, indifferent." *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)). An infected tooth can be a serious medical condition. *Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010). Although Mr. Washington does not specifically state that Dr. Nowak canceled his appointment or knew the specifics of Mr. Washington's infection, one can reasonably infer that Dr. Nowak was responsible based on Mr. Washington's allegations that he is the sole dentist at CIF, that he is responsible for the inmates' dental care, and that he is responsible for ensuring there are systems in place for efficient scheduling of appointments for serious dental needs. (Dkt. 1 at

6.) Thus, construing Mr. Washington's Complaint liberally, as the Court must, (*Perez*, 792 F.3d at 776), he has pled sufficient facts to state an Eighth Amendment claim against Dr. Nowak.

### III.   CONCLUSION

Mr. Washington has pled sufficient facts to state a claim against Dr. Nowak. Accordingly, Dr. Nowak's Motion to Dismiss Mr. Washington's Complaint, Dkt. [20], is **DENIED**. Dr. Nowak has **fourteen (14) days from the date of this Entry** to file an answer to the Complaint.

SO ORDERED.

Dated: 9/26/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana


DISTRIBUTION:

Gaylon Washington, #136709
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, Indiana  46064

John M. McCrum
EICHHORN & EICHHORN LLP (Hammond)
jmccrum@eichhorn-law.com

Michael Roth
EICHHORN & EICHHORN LLP (Indianapolis)
mroth@eichhorn-law.com

Thomas Joseph Flynn
EICHHORN & EICHHORN LLP (Indianapolis)
tflynn@eichhorn-law.com